It is ordered and adjudged by this court, that the judgment of the said circuit' court be, and the same hereby is, reversed for error in its conclusions of law and in making the decree on the facts found, it being found by the circuit court (finding 14) : “ever since the spring and summer of 1907 it has been a matter of general public notoriety, and the plaintiffs, and each of them, have had notice that defendant had acquired its right of way through said allotments for the purpose of constructing and operating a railroad thereon, and also knew where said right of way was located; that defendant was making preparation to let contracts to various contractors for the construction of its tracks, switches, etc., thereon and that said contracts necessarily involved very large sums of money; that during the years 1908 and 1909 de *464 fendant negotiated publicly with the officials of the Village of East Cleveland as to the manner of crossing the streets within said village, and the mode of crossing these -streets was the principal issue in the municipal campaigns of 1907 and 1909 in that village. The defendant finally agreed with the Village of East Cleveland, Ohio, as to the manner of crossing the streets and other public places in said village on December 28, 1909.”
The circuit court further found as a fact that: “soon after acquiring its right of way, defendant let the necessary contracts, and, between the years 1906» and 1909, completed the construction of the west half of its railroad, from Rockport to New-burgh, in Cuyahoga county, Ohio, and, in the meantime, defendant let contracts involving several million’dollars for the completion of its said road from Newburgh to Collinwood in said county, ificluding the portion thereof through said two allotments. W ork was forthwith commenced under said contracts, and at the commencement of this action (May 2, 1910) had progressed as far as the south line of said allotments, and work was in progress over practically the whole line, from Newburgh to said allotments, including a bridge over Eddy Road.”
The court further found, that: “On April 19, 1910, the contractor entered upon the right of way of said allotments and erected on Block ‘A’ a large barracks for housing his workmen; also, two or three days before this suit was begun, on one of the lots near Eddy Road he erected an office,’and on another lot near the office he commenced the erection of a large frame building *465 for storing materials. . This building was about-two-thirds completed when this action was commenced. .
“This action was commenced on May 2, 1910. At the time of the commencement -.of this action work on its railroad south and west of said allotments had progressed so far-that it was then practically impossible for said defendant to change its line through said allotments.”
On the above facts so found by the circuit court, the plaintiffs below are chargeable with such laches, in deferring their suits for almost three years after knowing the defendant’s purpose in acquiring said right of way, that they are not entitled to an injunction against defendant company to prevent the further work and expenditures in completing its line of railroad on said right of way.
On account of such laches, and the character of the alleged interests which plaintiffs below allege they own in said allotments and the several lots thereof, ’to-wit: a restriction by covenant in the deeds for said lots to their use for residences only, under a general plan of the original grantors, the plaintiffs are not entitled to the injunction prayed for, especially against the defendant below in' its attempt to exercise the right of eminent domain, under the facts as above found, although the 'defendant may have had knowledge of said restricting covenants when it acquired its right of way.
The remedy, if any, is at law and not in equity.
It is therefore considered and adjudged by this court, that the judgment’ and decree of the circuit court be and the same is hereby reversed,- the *466 injunctions heretofore granted dissolved, and all the petitions embraced in this record, on which injunction was granted, in whole or in part, are dismissed.
Davis, Shauck, Price and Johnson, JJ., concur.